# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SAMUEL OROZCO-MARTINEZ,**
        Petitioner,

  v.                                                                        Case No. 12-C-0903

**JEFFREY PUGH, Warden,**
**Stanley Correctional Institution,**
        Respondent.

---

## DECISION AND ORDER

Samuel Orozco-Martinez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2007 conviction of attempted first-degree intentional homicide. Although he included six grounds for habeas relief in his petition, Orozco-Martinez has since withdrawn all but two of those claims: (1) that he was denied due process when the jury returned an improper verdict form, and (2) that his counsel was ineffective in failing to raise in state court a claim based on the improper verdict form.

The background to petitioner's claims is as follows. The criminal information charged the petitioner with attempted first-degree intentional homicide, party to a crime, while armed with a dangerous weapon. (July 12, 2007, PM Session, Trial Tr. [ECF No. 9-27] at 13–14.) Under Wisconsin law, one can be a party to a crime—i.e., "concerned in the commission of the crime"—in three ways: (1) directly committing the crime; (2) intentionally aiding and abetting the commission of the crime; and (3) being part of a conspiracy to commit the crime. Wis. Stat. § 939.05. When the trial judge initially instructed the jury, he instructed the jurors to find the petitioner guilty if they concluded that he either directly committed the crime or intentionally aided and abetted the commission of the crime. (July

12, 2007, PM Session, Trial Tr. [ECF No. 9-27] at 14–16.) However, during deliberations, the jury sent a question to the judge asking him to "explain in layman's terms the definition of aiding and abetting and how that relates with the verdict." (July 13, 2007 Trial Tr. [ECF No. 9-28] at 4.) After the judge informed the parties about this question, the parties agreed that, given the way the evidence had unfolded at trial, the only way the petitioner could have participated in the crime was by directly committing it. (Id. at 2–3.) The parties agreed that the judge should instruct the jury to disregard the aiding and abetting instruction and focus exclusively on whether the petitioner had directly committed the crime. The judge then instructed the jury as follows:

> As the evidence was presented during the trial and went in during the course of the trial, the State is contending that the defendant, Samuel Orozco-Martinez, directly committed the crime that is charged in the Information. Therefore, the aiding and abetting, that he helped someone else commit the crime, party to a crime, is no longer relevant. What you should be deciding is did Mr. Orozco-Martinez directly actually commit the crime himself.

(Id. at 4.) The jury returned the following verdict: "We, the jury, find the defendant guilty of attempt[ed] first degree intentional homicide, party to a crime, in the manner and form as charged in the Information." (Id. at 6–7.) This verdict was the only guilty verdict that had been submitted to the jury and was in the form agreed to by the parties. (July 12, 2007, PM Session, Trial Tr. [ECF No. 9-27] at 11–12.)

The petitioner's claims in the present action arise out of his belief that the verdict form was constitutionally inadequate because it contained the term "party to a crime." In his briefs, he advances two alternative theories as to why this term rendered the verdict form inadequate. First, he contends that the term "party to a crime" was inconsistent with the judge's instruction that he could be found guilty only if the jury concluded that he had

directly committed the crime. This contention is based on a misunderstanding of the term "party to a crime" under Wisconsin law. Petitioner seems to think that the term "party to a crime" means a person who did not directly commit the crime but rather either aided and abetted the commission of the crime or was part of a conspiracy to commit the crime. But that is mistaken. A person who directly commits the crime is guilty as a party to the crime. See Wis. Stat. § 939.05(2)(a). Thus, the jury verdict was not inconsistent with the judge's instruction that the petitioner could be found guilty only if the jury determined that he had directly committed the crime.

Petitioner's alternative theory is that the verdict was constitutionally inadequate because it did not identify the manner of his participation in the crime. Petitioner seems to think that he had a constitutional right to know whether the jury found him guilty because he had directly committed the crime or because he had aided and abetted the commission of the crime. However, the petitioner has not cited, and I have not found, any cases indicating that there is a federal right to know the manner of participation the jury selected. Moreover, the Wisconsin courts have held that there is no right to have the jury unanimously agree upon and identify the manner of participation. See Holland v. State, 91 Wis. 2d 134, 136 (1979). But even if there were a federal right to know which theory of party-to-a-crime liability the jury selected, we have no reason for thinking that the jury selected anything other than direct commission. The judge clearly instructed the jury to find the petitioner guilty only if it concluded that he had directly committed the crime, and a jury is presumed to follow its instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000). Accordingly, the only reasonable conclusion is that the jury found that the petitioner had directly committed the crime charged.

For the above reasons, the petitioner's first claim for habeas relief fails on the merits, whether it is reviewed under 28 U.S.C. § 2254(d) or de novo. Because his first claim for relief is meritless, his trial and/or appellate lawyers could not have been ineffective in failing to raise that claim in the state courts. See Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993). Thus, petitioner's second claim for habeas relief (which was Ground Six in the petition) also fails on the merits. Given these conclusions, I need not separately consider the respondent's argument that the petitioner has procedurally defaulted his claims. See Brown v. Watters, 599 F.3d 602, 610 & n.10 (7th Cir. 2010).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2014.

                        s/ Lynn Adelman
                        _____
                        LYNN ADELMAN
                        District Judge